HOCHBERG CONTRACTING CO., Inc., v. F. & P. AUTO TRANSP. CO., Inc.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

1. CONTRACTS ⟪►171(1)—CONSTRUCTION—ENTIRE OR SEVERABLE CONTRACTS.
    A contract whereby defendant was to furnish plaintiff an auto truck for 30 days at $24 a day. payable at the end of each 14 days, was an entire contract as to each payment, and defendant could not recover upon a quantum meruit for 4 days' services, if before any payment was due it broke the contract.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754, 755; Dec. Dig. ⟪►171(1).]

2. CONTRACTS ⟪►312(3)—BREACH—RECOVERY.
    If defendant agreed to furnish an auto truck to plaintiff from day to day at an agreed compensation payable each day, plaintiff was not entitled to recover damages for defendant's nonperformance, where he had failed to make the payments when due, as defendant was not bound to furnish a truck for any definite time.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1279½; Dec. Dig. ⟪►312(3).]

⟪►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TRIAL ⊂⊃398—FINDINGS—INCONSISTENCY.

In an action for damages from defendant's failure to furnish an auto truck for 30 days at $24 per day, payments to be made every 14 days, where defendant claimed that it agreed only to furnish the truck from day to day at a compensation payable each day, and counterclaimed for 4 days' services, a judgment for plaintiff for $700, including an allowance of the counterclaim, was erroneous, as being in effect two inconsistent judgments.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 946, 947; Dec. Dig. ⊂⊃398.]

4. CONTRACTS ⊂⊃316(1)—PERFORMANCE—WAIVER.

In such contract, plaintiff at the trial, or at any time, had the right to waive the condition of complete performance, as a concurrent or precedent condition to defendant's right to payment for the services rendered.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1480; Dec. Dig. ⊂⊃316(1).]

5. DAMAGES ⊂⊃120(1)—MEASURE—BREACH OF CONTRACT.

In an action for damages from defendant's breach of its agreement to furnish an auto truck for 30 days at $24 per day, the ordinary measure of damages would be the difference between the agreed price and the usual market price for the hire of the auto truck.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291, 303–305; Dec. Dig. ⊂⊃120(1).]

6. DAMAGES ⊂⊃163(1)—BURDEN OF PROOF—BREACH OF CONTRACT.

Where there was no evidence of damages from breach of contract, the judgment of $700 for plaintiff was erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454, 455; Dec. Dig. ⊂⊃163(1).]

7. DAMAGES ⊂⊃40(4)—SPECIAL DAMAGE—BREACH OF CONTRACT.

In an action for damages for defendant's breach of its agreement to furnish an auto truck for 30 days at an agreed price per day, payable each 14 days, where it was not shown that no other auto trucks could be hired to take the place of defendant's truck, plaintiff was not entitled to the value of its contract with the wrecker to buy brick, as special damages may be awarded only when they are the natural and proximate result of the breach of contract, and are within the contemplation of the parties.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 88; Dec. Dig. ⊂⊃40(4).]

8. DAMAGES ⊂⊃120(1)—MEASURE—LOSS OF CONTRACT.

In such case, the value of the contract between the plaintiff and the house wrecker would ordinarily be the difference between the agreed price of the bricks which the wrecker had sold to plaintiff and the market price of such bricks delivered at a building in course of demolition.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291, 303–305; Dec. Dig. ⊂⊃120(1).]

9. DAMAGES ⊂⊃40(4)—EVIDENCE—SPECIAL DAMAGES.

In such case, where there was no evidence of such market price, or that plaintiff's agreement to furnish the bricks to a third party was ever known to defendant, the plaintiff's profits on its contract with such third party were not within the rule as to special damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 88; Dec. Dig. ⊂⊃40(4).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Hochberg Contracting Company, Incorporated, against the F. & P. Auto Transportation Company, Incorporated. From a

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

judgment for plaintiff for alleged breach of contract, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, WHITAKER, and PENDLETON, JJ.

Ross & Ross, of Brooklyn (Leroy W. Ross, of Brooklyn, of counsel), for appellant.

Mortimer W. Solomon, of New York City, for respondent.

LEHMAN, J. The plaintiff has brought an action for damages which it claims that it suffered by reason of the failure of the defendant to furnish an auto truck to haul bricks. The plaintiff contends that the defendant agreed to furnish such a truck for one month, and that the agreement was made in contemplation of a contract which the plaintiff had made to buy and promptly haul away bricks from a building in Eighty-Sixth street which was being demolished. The defendant denies that it agreed to furnish a truck for 30 days, and claims that the agreement was only to furnish a truck by the day; that it furnished a truck for 4 days, and that it was never paid for these 4 days, and that it therefore refused to furnish the truck any longer; and it counterclaims for the alleged agreed price for the auto truck for the 4 days.

At the trial the plaintiff produced some testimony, although it is rather vague, that its foreman arranged with a person representing himself as the manager of the defendant for an auto truck for one month at $24 a day, payments to be made every 14 days; that the defendant after 4 days refused to furnish the auto truck because some one offered it more; that thereafter he telephoned to three concerns in an attempt to hire another auto truck with a dump, which is the only kind of an auto truck which would serve his purpose; and that these concerns were the only concerns which rented out such trucks "so far as he knows." The plaintiff further showed that thereafter the wrecker, who had agreed to sell him the bricks, gave him 3 days' notice to obtain other trucks, and then canceled the contract; that at that time he had agreements to deliver the bricks in the Bronx and in East New York; and that these agreements would have shown large profits, if he could have obtained the trucks to make the deliveries.

The defendant, on the other hand, testified that it agreed only to furnish a truck by the day, that the plaintiff did not pay for the 4 days it used the truck, and that it thereupon refused to furnish the truck any longer. It also produced testimony tending to show that there were 50 or 60 concerns which were in the business of renting out such trucks in the Greater City of New York and 12 or 14 in Brooklyn. Upon this testimony the trial justice decided that the plaintiff was entitled to a judgment for the sum of $700, and that such judgment included an allowance of $96 on the defendant's counterclaim.

[1-4] Assuming that the plaintiff's testimony as to the making of the contract is true, and that he has sufficiently shown that defendant recognized that the person representing himself as manager had authority to make the contract, then it is established that the defendant agreed to furnish the plaintiff with an auto truck for 30 days at the

158 N.Y.S.—56

rate of $24 a day, payable at the end of each 14 days. It is too well established to require citation that such a contract is entire, at least so far as concerns each payment, and the defendant cannot recover upon a quantum meruit for 4 days' services, if before any payment was due it broke its contract. On the other hand, if we assume that the defendant's story is true, then the contract was only to furnish the auto trucks from day to day, and the agreed compensation was payable each day. Under such a contract the plaintiff is entitled to no recovery, both because it has concededly failed to pay the agreed amount when it became due, and because the defendant was not bound to furnish a truck for any definite term. Yet the trial justice has held that each party is entitled to a recovery, and the decision practically gives two inconsistent judgments.

The plaintiff claims that the reason the trial justice arrived at this result is because it did not at the trial really contest the defendant's counterclaim, because it believed that in fairness, if not in law, the defendant was entitled to a recovery for the 4 days' service of the truck. Of course, a party can waive any rule of law of benefit to it, and the plaintiff at the trial, or at any other time, had a right to waive the condition of complete performance as a concurrent or precedent condition to defendant's right of payment. The record, however, shows no such waiver, and upon this record we are bound to hold that the trial justice has made inconsistent findings.

[5, 6] Aside, however, from this fact, the record shows no evidence which would entitle the plaintiff to the damages awarded. The usual measure of damages for the defendant's alleged breach of contract would be the difference between the agreed price and the usual market price for the hire of the auto truck. There is, however, no evidence of such damages on the record.

[7] The plaintiff, however, claims that it is entitled in this case to special damages, viz., the value of the contracts which it lost through the failure of the defendant to furnish an auto truck. Special damages may be awarded only when they are the natural and proximate result of the breach of contract, and were within the contemplation of the parties. In this case the loss of the contract which the plaintiff had with the wrecker of the house is the natural and proximate result of the defendant's alleged breach of contract only if it was unable with reasonable diligence to procure other auto trucks. The testimony on this point is only that the plaintiff tried unsuccessfully to hire other auto trucks from three concerns, which "so far as he knows" are the only concerns which hire such trucks. Obviously the knowledge of the plaintiff of the parties from whom auto trucks could ordinarily be hired is immaterial, if it could by reasonable diligence have learned the names of more parties engaged in the business of renting auto trucks. In view of the undisputed testimony of the defendant that there are many concerns engaged in this business, whose names even appear in the classified telephone directory, it seems to me that it is impossible to hold that the plaintiff has shown that no other auto trucks could be hired to take the place of the defendant's truck.

[8, 9] Moreover, the value of the contract between the plaintiff and the house wrecker would ordinarily be the difference between the

agreed price of the bricks which the wrecker agreed to sell and the market price of secondhand bricks delivered at a building in course of demolition. The plaintiff, however, has presented no evidence of such market value; but he has been permitted to recover the profits which he would have made by selling to two other parties under contract with them. There is absolutely no evidence that the agreements with these parties were ever called to the defendant's attention, and the profits which plaintiff would have made under these contracts is under the circumstances of the case not within the rule as to special damages.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

WHITAKER, J., concurs. PENDLETON, J., concurs, on the last ground stated in the opinion.